The relief described hereinbelow is SO ORDERED.

SIGNED this 24th day of February, 2014.



Robert D. Berger
United States Bankruptcy Judge

---

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF KANSAS

In re:

**PATRICIA J. TURKAL**                                           **Case No. 08-22906**
        **Debtor.**                                           **Chapter 13**

---

**PATRICIA J. TURKAL,**
        **Plaintiff,**

    **vs.**                                                          **Adversary No. 13-6062**

**ALTAMIRA CONDOMINIUM ASSOCIATION,**
        **Defendant.**

---

### MEMORANDUM OPINION AND ORDER DENYING
### PLAINTIFF/DEBTOR'S MOTION FOR SUMMARY JUDGMENT

    Debtor Patricia J. Turkal filed suit against Defendant Altamira Condominium Association

("Altamira") seeking a determination that Debtor's post-petition homeowners association dues

14.02.24 Turkal SJ Order.wpd

are dischargeable under 11 U.S.C. 1328(a).[1]  Debtor has moved for summary judgment,[2] and

Altamira has responded, largely agreeing with Debtor on the facts but alleging improper service

and arguing that the facts do not support summary judgment for Debtor.  The motion is fully

briefed and the Court is prepared to rule. Because Debtor failed to show Altamira had notice or

actual knowledge of Debtor's bankruptcy in time to meaningfully participate, the Court denies

her motion.

## I.    Jurisdiction.

An adversary proceeding to determine the dischargeability of particular debts is a core

proceeding under 28 U.S.C. § 157(b)(2)(I), over which this Court may exercise subject matter

jurisdiction.[3] The parties do not dispute the Court's subject matter jurisdiction.

Altamira argues that this Court lacks personal jurisdiction over the association due to

improper service.  As a general rule, a plaintiff bears the burden of establishing personal

jurisdiction over defendants and proving the validity of his or her method of serving defendants

by a preponderance of the evidence;[4] the Court would lack personal jurisdiction over a party if

the service on that party were insufficient.  When there has been no evidentiary hearing, and the

case is still in its pretrial phase, the district court must determine whether personal jurisdiction

---

[1]  All future statutory references are to the Bankruptcy Code ("Code"), as amended by the Bankruptcy
Abuse Prevention and Consumer Protection Act of 2005, 11 U.S.C. §§ 101 - 1532, unless otherwise specifically
noted.

[2]  Doc.  21.

[3]  28 U.S.C. § 157(b)(1) and § 1334(b).

[4]  *Fed. Deposit Ins. Corp. v. Oaklawn Apartments*, 959 F.2d 170, 174 (10th Cir. 1992).

14.02.24 Turkal SJ Order.wpd

exists based on affidavits and other materials.[5]

Here, Altamira argues that Debtor failed to obtain service on Altamira, specifically alleging that the summons in the adversary proceeding was against the Viera Condominium Association, not the Altamira Condominium Association. Debtor's Complaint lists Altamira Condominium Association as defendant.[6] Debtor initially requested summons be issued on Viera Condominiums Association[7] and Chris Montanino,[8] neither of whom are named in the complaint. Then, on July 12, 2013, Debtor requested that summons be issued on Altamira Condominium Association and on Chris Montanino, as President of Altamira.[9] On July 15, the summons on Altamira and Chris Montanino issued,[10] and on July 16, the certificates of service were filed, showing service by mail on Altamira Condominium Association[11] and Chris Montanino[12] at an address on Pflumm Road, in Olathe, Kansas. The Court takes judicial notice that this address is listed as Altamira Condominium Association's principal place of business on the Kansas Secretary of State's Annual Report for Altamira Condominium Association. This service appears to be in keeping with Fed. R. Bankr. P. 7004(b)(3), which permits service by

---

[5] *Richardson v. Alliance Tire & Rubber Co., Ltd.*, 158 F.R.D. 475, 478 (D.Kan.1994).

[6] Doc. 1-1, at 1.

[7] Doc. 4.

[8] Doc. 5.

[9] Doc. 12 and 13.

[10] Doc. 14 and 15.

[11] Doc. 16.

[12] Doc. 17.

- 3 -

mail of a copy of the summons and complaint to the attention of an officer of a domestic association. Altamira provides no reason why this apparently good service is faulty, and the Court finds none. The Court deems this service of the summons sufficient to give the Court personal jurisdiction over Altamira.

## II.     Legal Standard.

Summary judgment is appropriate if the moving party demonstrates that there is no genuine dispute as to any material fact and that it is entitled to judgment as a matter of law.[13] In applying this standard, the court views the evidence and all reasonable inferences therefrom in the light most favorable to the nonmoving party.[14] A fact is "material" if, under the applicable substantive law, it is "essential to the proper disposition of the claim."[15] An issue of fact is "genuine" if "'the evidence is such that a reasonable jury could return a verdict for the non-moving party.'"[16]

The moving party initially must show the absence of a genuine issue of material fact and entitlement to judgment as a matter of law.[17] In attempting to meet this standard, a movant that does not bear the ultimate burden of persuasion at trial need not negate the other party's claim;

---

[13] FED. R. CIV. P. 56(a); *see also Grynberg v. Total, S.A.*, 538 F.3d 1336, 1346 (10th Cir. 2008).

[14] *City of Herriman v. Bell*, 590 F.3d 1176, 1181 (10th Cir. 2010).

[15] *Wright ex rel. Trust Co. of Kan. v. Abbott Labs., Inc.*, 259 F.3d 1226, 1231–32 (10th Cir. 2001) (citing *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998)).

[16] *Thomas v. Metro. Life Ins. Co.*, 631 F.3d 1153, 1160 (10th Cir. 2011) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

[17] *Spaulding v. United Transp. Union*, 279 F.3d 901, 904 (10th Cir. 2002) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986)).

14.02.24 Turkal SJ Order.wpd

rather, the movant need simply point out to the court a lack of evidence for the other party on an essential element of that party's claim.[18] Here, where the creditor has the burden of proving nondischargeability, Debtor need only point out a lack of evidence of nondischargeability.

Once the movant has met this initial burden, the burden shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial."[19] The nonmoving party may not simply rest upon its pleadings to satisfy its burden.[20] Rather, the nonmoving party must "set forth specific facts that would be admissible in evidence in the event of trial from which a rational trier of fact could find for the nonmovant."[21] To accomplish this, the facts "must be identified by reference to an affidavit, a deposition transcript, or a specific exhibit incorporated therein."[22] Rule 56(c)(4) provides that opposing affidavits must be made on personal knowledge and shall set forth such facts as would be admissible in evidence.[23] The nonmoving party cannot avoid summary judgment by repeating conclusory opinions, allegations unsupported by specific facts, or speculation.[24]

---

[18] *Adams v. Am. Guar. & Liab. Ins. Co.*, 233 F.3d 1242, 1246 (10th Cir. 2000) (citing *Adler*, 144 F.3d at 671); *see also Kannady v. City of Kiowa*, 590 F.3d 1161, 1169 (10th Cir. 2010).

[19] *Anderson*, 477 U.S. at 256; *Celotex*, 477 U.S. at 324; *Spaulding*, 279 F.3d at 904 (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

[20] *Anderson*, 477 U.S. at 256; *accord Eck v. Parke, Davis & Co.*, 256 F.3d 1013, 1017 (10th Cir. 2001).

[21] *Mitchell v. City of Moore, Okla.*, 218 F.3d 1190, 1197–98 (10th Cir. 2000) (quoting *Adler*, 144 F.3d at 671); *see Kannady*, 590 F.3d at 1169.

[22] *Adams*, 233 F.3d at 1246.

[23] Fed. R. Civ. P. 56(c)(4).

[24] *Id.*; *Argo v. Blue Cross & Blue Shield of Kan., Inc.*, 452 F.3d 1193, 1199 (10th Cir. 2006) (citation omitted).

14.02.24 Turkal SJ Order.wpd

Finally, summary judgment is not a "disfavored procedural shortcut"; on the contrary, it is an important procedure "designed to secure the just, speedy and inexpensive determination of every action."[25]  In responding to a motion for summary judgment, "a party cannot rest on ignorance of facts, on speculation, or on suspicion and may not escape summary judgment in the mere hope that something will turn up at trial."[26]

## III.    Uncontroverted Facts.

Debtor filed a chapter 13 bankruptcy petition on November 5, 2008 (District of Kansas Case 08- 22906), and the chapter 13 Plan was confirmed in early 2009. Debtor owns a condominium in Johnson County, Kansas (the "Condominium"). Although Debtor had two mortgages on the Condominium, on the date of her chapter 13 petition, the Condominium was not encumbered by a lien in favor of Defendant; Debtor did not owe anything to Defendant; and Debtor did not identify Defendant as a creditor on her bankruptcy schedules. Defendant received neither notice of the bankruptcy when it was filed nor any subsequent notice regarding amendments and/or motions.

After the petition, Debtor had an obligation to pay ongoing Condominium dues to Defendant, ranging from $465 per month to $660 per month. Debtor paid all Condominium dues and fees invoiced from the petition date through July 31, 2013, making her last payment on August 6, 2013. On October 10, 2012, Debtor moved to amend her chapter 13 Plan to surrender the Condominium, and the motion was granted without objection. Defendant has now moved to

---

[25] *Celotex*, 477 U.S. at 327 (quoting FED. R. CIV. P. 1).

[26] *Conaway v. Smith,* 853 F.2d 789, 794 (10th Cir. 1988).

14.02.24 Turkal SJ Order.wpd

vacate the Court's Order granting the motion to amend the chapter 13 Plan. Since October 2012, Debtor has not made payments to the senior mortgagee, Countrywide Home Loans Servicing LP (Countrywide), but Countrywide has not commenced foreclosure proceedings. Debtor does not now live in or spend any time at the property, and the property is presently unoccupied.

Neither party has submitted any documents concerning Debtor's obligation to pay the Condominium fees.

## IV.    Analysis and Conclusions.

This case presents the question of whether post-petition condominium dues are subject to discharge under 11 U.S.C. § 1328(a).[27] As a general matter, and subject to some exceptions not relevant here, post-petition debts are not subject to discharge in a chapter 13 bankruptcy. The question, then, becomes whether the post-petition condominium dues accrued post-petition or prepetition.  Courts faced with this question have generally taken one of three approaches:

> One line holds that the debtor's liability for condominium assessments is nondischargeable, arising from a covenant running with the land. . . . [These] cases determine[] that condominium assessments accrue postpetition because the debtor owns the property postpetition. The determinative factor under this analysis is that the condominium declaration constitutes a covenant running with the land.
> . . .
> The second line holds that the debtor's liability for the assessments is dischargeable, arising from a prepetition contractual obligation. . . . [These] cases determine[] that postpetition condominium assessments accrue prepetition because the debtor's ownership of the condominium prepetition initially establishes his liability for future condominium assessments, although the liability is contingent and unliquidated. These cases hold that the condominium declaration is a contract entered into when the debtor purchased the condominium. The purchase of the condominium obligates the debtor to pay any

---

[27]  Section 523(a)(16), which renders nondischargeable a post-petition fee or assessment related to a condominium ownership, does not apply in a chapter 13 full payment discharge under § 1328(a).

14.02.24 Turkal SJ Order.wpd

assessments levied in the future. This obligation to pay is uncertain, depending upon the debtor's continued ownership of the land and whether the condominium association levies assessments. However, the assessments still accrue prepetition because the definition of debt under the Bankruptcy Code includes unliquidated, contingent and unmatured debts.[28]

Other courts take a third approach, holding that the liability for condominium assessments arises from a covenant running with the land, but that the debt is dischargeable as a personal liability for the debtor and remains as an *in rem* obligation on the property.[29] Debtor argues for the second approach, suggesting that the dues are dischargeable because they arise from a prepetition contractual obligation.

This Court need not decide among these approaches here.[30] Altamira asserts Debtor's failure to list Altamira in Debtor's schedules and Debtor's failure to notify Altamira of the bankruptcy as an affirmative defense, and the parties agree that Debtor did not identify Altamira as a creditor on her bankruptcy schedules and that Altamira did not receive notice of the bankruptcy when it was filed nor any subsequent notice regarding amendments and/or motions. When a creditor is not listed on a debtor's schedules and has no notice and no actual knowledge of the bankruptcy, the creditor's claim is nondischargeable under § 523(a)(3).[31]  The debtor bears

---

[28] *Affeldt v. Westbrooke Condo. Ass'n* (*In re Affeldt*), 60 F.3d 1292, 1295 (8th Cir. 1995)(citations omitted).

[29] *In re Kahn*, No. 133248PM, 2014 WL 345714 (Bankr. D. Md. Jan. 30, 2014).

[30]  The Court notes that such an analysis would involve review of the contract or other document that allegedly created Debtor's obligation to pay dues.  Where, as here, a creditor fails to file the document, the creditor has not carried the creditor's burden in a summary judgment setting, and the Court would be compelled to rule for the debtor. *In re Affeldt*, 60 F.3d at 1295.

[31]  Section 523(a)(3) does not apply to a no-asset chapter 7 case in which there is not a proof of claim deadline. 4 COLLIER ON BANKRUPTCY ¶ 523.09(5), at 523-69 (Alan N. Resnick & Henry J. Sommer, eds., 16th ed. 2013).  Since all chapter 13 bankruptcy cases have a proof of claim deadline, this no-asset exception to § 523(a)(3) would not apply.

- 8 -

14.02.24 Turkal SJ Order.wpd

the burden of proving that a creditor had "notice or actual knowledge" under § 523(a)(3) and has not even alleged such notice or knowledge here.[32] Taking this failure to its logical conclusion, even if, as Debtor argues, the dues were a debt that accrued prepetition, the debts would nonetheless be nondischargeable under § 523(a)(3).[33] Thus, Debtor cannot show she is entitled to judgment as a matter of law, and so Debtor's Motion for Summary Judgment is denied.[34]

IT IS SO ORDERED.

### 

ROBERT D. BERGER
U.S. BANKRUPTCY JUDGE
DISTRICT OF KANSAS

---

[32] *Jones v. Arross*, 9 F.3d 79, 81-82 (10th Cir. 1993). Debtor may be able to show that Altamira had actual knowledge of the bankruptcy in time for Altamira to meaningfully participate, but Debtor has made no effort to do so at the summary judgment stage.

[33] Additionally, a creditor who does not receive timely notice is not bound by a chapter 13 plan. *See* Keith M. Lundin & William H. Brown, CHAPTER 13 BANKRUPTCY, 4TH EDITION, § 229.1, at ¶349.1 Sec. Rev. Oct. 8, 2010, www.Ch13online.com.

[34] *Spaulding*, 279 F.3d at 904.

14.02.24 Turkal SJ Order.wpd